**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-3013

_____

UNITED STATES OF AMERICA

v.

RAMOINE WHITE,
a/k/a Rhumone White,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:21-cr-00353-001)
District Judge: Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2025

Before: SHWARTZ, KRAUSE, and PORTER, *Circuit Judges*

(Filed: February 4, 2025)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Appellant Ramoine White was convicted of possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, he argues that the District Court erred in denying his motion to suppress certain evidence and that § 922(g)(1) is unconstitutional as applied to him. Discerning no error, we will affirm.

## I.  BACKGROUND

On an evening in February 2021, police surveilled several men congregated on the porch of a home in West Philadelphia. There, officers observed three suspicious exchanges, each occurring the same way: A customer would approach the porch and hand over money, and one of the men would enclose something in the customer's hand. Police later stopped each of these customers and recovered marijuana from them. Officers also witnessed one of the men passing an item to another on the porch as they all huddled together, but because they were all similarly dressed in dark clothing, police could not identify the recipient of the item. Police then approached the porch and, as relevant here, one officer patted down White and found a loaded handgun in his waistband. Because White had prior felony convictions, his possession of a firearm violated 18 U.S.C. § 922(g)(1), for which a jury later convicted him. This appeal followed.

## II.  DISCUSSION[1]

White raises two arguments on appeal: (1) that the District Court erred by denying his motion to suppress evidence recovered during a *Terry* stop; and (2) that § 922(g)(1) is unconstitutional under the Second Amendment as applied to him.  Neither is persuasive.

First, the Fourth Amendment permits an officer to "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot."  *United States v. Robertson*, 305 F.3d 164, 167 (3d Cir. 2002) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)).  As part of that stop, the officer may conduct a safety frisk when there are "reasonable grounds to believe that [a suspect] [i]s armed and dangerous."  *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

Here, officers had reasonable suspicion to conduct the challenged stop and frisk.  Among the reasonable grounds to believe that White was involved in criminal activity and armed and dangerous are the facts that: (1) White was present at a "suspected narcotics location," *United States v. Hawkins*, 811 F.2d 210, 213 (3d Cir. 1987); (2) the man who interacted with customers made "hand movements consistent with drug-dealing activity," *United States v. Paulette*, 457 F.3d 601, 606 (6th Cir. 2006); (3) the customers exchanged cash during the transactions, *see United States v. Johnson*, 627 F.3d 578, 584 (6th Cir. 2010) (discussing officers' observation of cash being exchanged for a

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  When reviewing the denial of a motion to suppress evidence, we review the District Court's factual findings for clear error and its legal conclusions *de novo*.  *See United States v. Lowe*, 791 F.3d 424, 427 (3d Cir. 2015).  We review the constitutionality of a federal statute *de novo*.  *See Free Speech Coal., Inc. v. Att'y Gen.*, 974 F.3d 408, 419 (3d Cir. 2020).

substance); (4) the exchanges occurred in a "high-crime area" with "a history of reported drug sales and several recent shootings," App. 88; *see United States v. Jackson*, 120 F.4th 1210, 1222 (3d Cir. 2024); and (5) the men huddled together on the porch and passed items between one another after the exchanges, *see United States v. Lender*, 985 F.2d 151, 154 (4th Cir. 1993) (holding officers had reasonable suspicion where "a group of men was gathered around [the defendant] looking down into his open palm" on a street corner at night).

On the totality of those circumstances, the officers had reasonable suspicion to stop White and pat him down for weapons, *see Terry*, 392 U.S. at 27; *Paulette*, 457 F.3d at 606 (noting that officers may search suspected drug dealers for their own protection given "the frequency with which drug dealers arm themselves"), and the District Court did not err by denying his motion to suppress the one they recovered.

Second, White's Second Amendment challenge to § 922(g)(1) fails because his prior felony convictions for drug distribution, aggravated assault, and carrying a firearm without a license demonstrate he "present[s] a special danger of misus[ing firearms]," *United States v. Rahimi*, 602 U.S. 680, 698 (2024), and would likely pose an increased risk of "physical danger to others" if armed, *Range v. Attorney General*, 124 F.4th 218, 232 (3d Cir. 2024) (en banc). As our recent en banc decision in *Range* explained, a court deciding whether an individual poses an increased risk of "physical danger to others," *id.* at 232, may consider not just the nature of the underlying offense, but also the felon's entire criminal history, *see id.* at 222–23.

4

Here, White's criminal history, including his prior felony convictions for possession with intent to distribute controlled substances, aggravated assault, and carrying an unlicensed firearm, shows that he would pose such a danger to others if armed because those activities could lead to violent confrontation. *See United States v. Williams*, 113 F.4th 637, 659 (6th Cir. 2024) (observing that legislatures may disarm those convicted of crimes like drug dealing because, while "[t]hese crimes do not always involve an immediate and direct threat of violence," they "may nonetheless pose a significant threat of danger," warranting disarmament). Accordingly, § 922(g)(1) is constitutional as applied to him, and the District Court did not err by denying White's motion to dismiss the indictment.

## III. CONCLUSION

For the foregoing reasons, we will affirm.